[Crim. No. 843. Third Appellate District.—June 8, 1925.]

THE PEOPLE, Respondent, v. J. S. FULLER, Appellant.

[1] CRIMINAL LAW—COMMON NUISANCE—SALES OF LIQUOR—EVIDENCE. In this prosecution on a charge of wilfully and unlawfully maintaining a common nuisance at a specified house, while the testimony did not show any actual sales of liquor, it did show that the place was being resorted to by a number of people at unusual hours, that such people were resorting to the place for some purpose that required but a comparatively short stay, thereby stamping the place as being one used for purposes other than that of merely letting furnished rooms (as indicated by a sign on the premises), and such testimony coupled with the evidence as to the unlawful possession of intoxicating liquor, on the premises, warranted the submission of the cause to the jury upon the charge set forth in the indictment.

[2] ID.—POSSESSION OF LIQUORS FOR COMMERCIAL PURPOSES — ERRONEOUS INSTRUCTIONS.—In such a prosecution, evidence of the mere possession of intoxicating liquors is not sufficient, but it must be shown that such liquors were kept for sale, barter, or other commercial purposes; and instructions which take entirely from the jury the question of the purposes for which the intoxicating liquors were possessed or kept, and directly inform the jury that the possession of the liquors at or in the house in question constituted the offense of maintaining a common nuisance, are erroneous.

[3] ID.—EVIDENCE—INSTRUCTIONS—PREJUDICIAL ERROR.—On this appeal from a judgment of conviction of the crime of maintaining a common nuisance, while the facts set forth in the transcript warranted the submission of the case to the jury, the transcript contained no instructions accurately defining the offense for defendant was being prosecuted, and the appellate court could not say that the error of the trial court in giving instructions authorizing the jury to find the defendant guilty upon a state of facts not constituting the crime charged in the indictment, was obviated by section 4½ of article VI of the constitution.

[4] ID.—PLEADING—EVIDENCE—JUDGMENT—APPEAL—DISCHARGE OF DEFENDANT.—Where the record on appeal from such judgment of conviction of the crime of maintaining a common nuisance shows that the information charged only unlawful possession of intoxicating liquors, an offense of which the superior court had no jurisdiction, and that defendant was convicted in the justice's court of the identical offense for which the attempted prosecution for maintaining a common nuisance was had upon the same testimony, and that no legal conviction can be had in such attempted

prosecution for maintaining a common nuisance, the appellate court will order the judgment reversed and defendant discharged as required by section 1262 of the Penal Code. (Opinion on denial of rehearing.)

(1) 33 C. J., p. 786, n. 54. (2) 33. C. J., p. 588, n. 43. (3) 33 C. J., p. 790, n. 37. (4) 16 C. J., p. 279, n. 61.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Reversed.

The facts are stated in the opinion of the court.

Ray T. Coughlan and George E. Foote for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted under an indictment charging him with wilfully and unlawfully maintaining a common nuisance at a certain house or building, numbered 1417 Twenty-second Street, in the city of Sacramento, county of Sacramento, state of California. From the judgment of conviction and the order denying his motion for a new trial the defendant appeals and assigns as grounds for reversal, to wit:

1. That the evidence is insufficient to establish the charge of maintaining a common nuisance;

2. That the court erred in its instructions to the jury;

3. That the defendant had been once placed in jeopardy for the same offense.

This case was submitted upon the briefs filed in the case entitled, *The People etc.* v. *Mehra, ante,* p. 162 [238 Pac. 802], wherein the same questions were involved, and it will therefore suffice to refer to the said opinion for the authorities cited and upon which the opinions in that case and in this case are founded.

Conviction was had in this case upon the following testimony: T. W. Pearson, a police officer, testified as follows: "On the 8th of October, 1924, I visited the premises known as 1417–22nd street in the City of Sacramento, County of Sacramento, State of California. I went there about 9 P. M. I was accompanied by Officer Babayco. The build-

ing is a two-story dwelling situate on the corner adjoining an alley on 22nd street. We entered the building that evening. We went up to the back door and knocked. The defendant came to the door. We said, 'Hello, Speed,' and the defendant opened the door and admitted us. I had not been in that house before that night. We had been around there but not in the house. We noticed frequent visitors to the place, men and women entering the house during the day and during the night, machines driving up, taxis, people coming in and staying a little while and coming out again. Some of the evenings there were constant machines there, sometimes two or three at a time. At the particular night in question, we went into the kitchen off the back porch. The defendant was there. There was a lady there also. She gave the name of Ruth Davis. When we got inside we told him we were police officers and had come to search the place. We asked him if he lived there and he said he did. We noticed the people coming and going but could not say as to their sobriety, but we have seen people that were coming in and out of there, staying a few moments and coming out. We could hear them talking a half a block away. We were not close enough to tell whether they were under the influence of liquor. We searched the place. I went into the pantry, there was a sink there, lots of glasses, several empty bottles, a buzzer running to the front door. The button is in a cabinet right back of the front door in a sort of clothes cabinet. Mr. Babayco searched the upstairs. I saw the liquor that Mr. Babayco found. We found three one-gallon jugs of wine, four one-quart bottles of brandy, one quart bottle of wine, and a pint bottle of brandy. We took possession of the liquor and arrested the defendant and also Ruth Davis. We did not know the defendant's name, but we noticed that 'Speed' was what everyone else said who went to the door, so we gave the same password. We said, 'Hello, Speed,' and he opened the door. Since that time I have noticed the sign there reading 'Furnished Rooms To Let.' ''

Officer Babayco testified: ''I accompanied Pearson to 1417–22nd street on the night of October 8, 1924. It was about 9 o'clock in the evening. I saw the defendant Fuller there at that time. We went in the back-yard and we saw a few fellows come out of there, and they used the word of

'Speed,' so we walked up to the back door and said, 'Hello, Speed,' knocked at the door first, and he opened the screen door, and admitted us. On the second floor we found a trap in the floor of one of the bedrooms. It was just about the center of the room. There was a rug on top of this trap. One of the corners was not tacked to the floor, the rest of it was. All that was necessary was to lift the corner of the rug up, and to lift it up far enough and you could see the trap. I lifted the trap up and found all the wine and jackass in there. It was a square hole between the ceiling of the first floor and the second floor. It must be about twelve inches deep, sixteen by sixteen inches square. I found in there three one-gallon jugs of wine and four one-quart bottles of jackass brandy, and then three one-quart bottles of wine, and two one-pint bottles of jackass brandy.''

The defendant pleaded guilty in the police court to the charge of unlawful possession of the same liquor. [1] While the testimony in this case does not show any actual sales of liquor, it does show that the place was being resorted to by a number of people at unusual hours; that such people were resorting to the place for some purpose that required but a comparatively short stay. Their coming and going in such numbers and staying only so short a time and at unusual hours stamped the place as being one used for purposes other than that of merely letting furnished rooms. The place where the liquor was concealed, the quantity of liquor on hand, the various sizes of the containers, the empty bottles found in the sink, the conveyance of people thereto in taxis, the unusual hours of visitation, and the fact of unlawful possession of intoxicating liquor, all taken together, we think, presents a question for the jury to determine whether the place was or was not then being used as a place for the unlawful sale and distribution of intoxicating liquor. Under the authorities which we have cited in the case of *People* v. *Mehra, supra,* we think there was sufficient evidence to warrant the submission of this cause to the jury upon the charge set forth in the indictment.

Upon the question of once in jeopardy, the authorities cited in the Mehra case are also conclusive against the contentions of this appellant.

[2] Upon the conclusion of the testimony, the court gave to the jury the following instructions relative to maintaining a nuisance. These instructions we have numbered six and seven, and are as follows, to wit:

*Instruction six:*

"The provisions of the National Prohibition Act of October 28, 1919, commonly called the Volstead Act, forbids the possession of intoxicating liquor containing one half of one per cent or more of alcohol by volume for beverage purposes, and if you believe from the evidence in this case to a moral certainty and beyond all reasonable doubt that the defendant did, at the time and place charged in the indictment, to wit, at number 1417–22nd Street, maintain the house and did then and there knowingly have in his possession intoxicating liquor for beverage purposes and that said liquor then and there contained more than one half of one per cent of alcohol by volume, then I instruct you that the house in which said intoxicating liquor was kept and possessed is, under the law, a common nuisance, and the person maintaining such common nuisance is guilty of a misdemeanor."

*Instruction seven:*

"If you believe from the evidence to a moral certainty and beyond all reasonable doubt that the defendant J. S. Fuller, in the City of Sacramento, County of Sacramento, State of California, in the month of October, A. D. 1924, did then and there maintain the house at number 1417–22d Street, in the City of Sacramento, and did wilfully and unlawfully possess and keep in the house on the premises maintained by him at number 1417–22d Street, in said City of Sacramento, certain intoxicating liquors then and there containing more than one half of one per cent of alcohol by volume, then I instruct you that his keeping or possessing of such intoxicating liquor in said house on said premises constitutes under Section 21 of the Volstead Act a common nuisance, you should find the defendant guilty as charged."

It will be seen by these instructions that the question of the purposes for which the intoxicating liquors was possessed or kept was entirely taken away from the consideration of the jury, and the jury directly informed that possession of the liquor at or in the house in question constituted the offense of maintaining a common nuisance. As we have seen

by the authorities cited in the Mehra case, *supra,* such is not a correct statement of the law. Under such instructions, the jury would be warranted in finding the defendant guilty, even though no crime specified in the section of the Volstead Act, under which he is being prosecuted, had been committed. Mere having possession of intoxicating liquors is not sufficient. It must be kept for sale, barter, or other commercial purposes. Unlawful possession of liquor in a building, or outside of a building, is simply unlawful possession of liquor. The mere fact that the man owns a building or controls a house or a building, and unlawfully has possession of intoxicating liquors therein, does not constitute the crime of maintaining a common nuisance. The instructions which we have quoted direct the jury to convict upon a state of facts showing nothing further.

[3] While, as we have stated, we think the facts set forth in the transcript in this case warranted the submission of the case to the jury, we cannot say that the error of the court is obviated by section 4½ of article VI of the constitution. We find in the transcript no instructions accurately defining the offense for which the defendant was being prosecuted, but we do find that the instructions given on the subject directly authorized the jury to find the defendant guilty upon a state of facts not constituting the crime charged in the indictment. Under such circumstances, we cannot say that there has been a miscarriage of justice. The remainder of the testimony outside of possession are facts from which inferences may be drawn, and the jury should have been instructed concerning the purposes for which intoxicating liquor was kept and the inferences allowable to be drawn from all the attendant circumstances.

For the reasons hereinbefore given, and, also as set forth in the opinion in the case of *People* v. *Mehra, supra,* upon the briefs in which case this cause has been submitted, the judgment and order of the trial court are reversed and the cause remanded for further proceedings, in accordance with this opinion and the opinion in the Mehra case.

Anderson, J. *pro tem.,* and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 8, 1925, and the following opinion then rendered thereon:

THE COURT.—Petition for rehearing by the plaintiff; petition by the defendant for modification of the order heretofore made and entered in this action. [4] From the fact that the information in this cause charged only unlawful possession, an offense of which the superior court has no jurisdiction, and the record shows that the defendant has already been convicted in the justice's court of the identical offense for which this prosecution is had upon the sáme testimony, and that no legal conviction can be had herein; it follows that the portion of the order remanding said cause to the trial court for further proceedings should be vacated and no new trial directed.

The order heretofore entered is, therefore, amended to read: Judgment reversed and defendant discharged as required by section 1262 of the Penal Code. Petition for rehearing denied.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 6, 1925.

All the Justices present concurred.