[Crim. No. 853.   Third Appellate District.—June 12, 1925.]

THE PEOPLE, Respondent, v. NELS JOHNSON, Appellant.

**[1]** Criminal Law—Corpus Delicti—Extrajudicial Admissions.— The *corpus delicti* of an offense cannot be established by extrajudicial admissions of the defendant.

**[2]** Id.—Maintenance of Nuisance — Intoxicating Liquors — Evidence—Instructions.—Judgment of conviction of maintaining a nuisance reversed upon authority of *People* v. *Mehra, ante,* p. 162.

---

(1) 16 C. J., p. 772, n. 27.   (2) 33 C. J., p. 588, n. 43.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Reversed.

---

**1.** See 8 Cal. Jur. 167.

The facts are stated in the opinion of the court.

Richard P. Talbot and George E. Foote for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of maintaining a nuisance by having unlawful possession of intoxicating liquor at 3016 W Street in the city of Sacramento on the —— day of December, 1924. The conviction was had upon the theory that unlawful possession of intoxicating liquor within a building constituted the crime of maintaining a common nuisance. The information in this case is similar to the information in the cases of *People* v. *Buonocore, ante,* p. 208 [238 Pac. 812], and *People* v. *Rico, ante,* p. 213 [238 Pac. 814], but as counsel for the defendant has urged no objection to the information we refrain from making any ruling thereon. The testimony in this case showing unlawful possession only, what we have said in the case of *People* v. *Mehra, ante,* p. 162 [238 Pac. 802], is applicable here. The instructions given by the court in this case are also identical with the instructions given in the Mehra case, and for the reasons therein stated, must be held erroneous.

[1] In this case, according to the testimony of one witness, there appears an extrajudicial admission of the defendant that he had peddled some liquor, but the rule is well established that the *corpus delicti* of an offense cannot be established by such testimony. [2] For the reasons set forth in the opinion filed in the case of *People* v. *Mehra, supra,* the judgment of the trial court must be and the same is hereby reversed.

Thompson, J., *pro tem.,* and Finch, P. J., concurred.