[Crim. No. 850.   Third Appellate District.—June 12, 1925.]

## THE PEOPLE, Respondent, v. SALVATORE BUONO-CORE, Appellant.

[1] CRIMINAL LAW—COMMON NUISANCE—UNLAWFUL POSSESSION OF INTOXICATING LIQUOR—INSUFFICIENT INFORMATION.—An information which, by name, charges the defendant with the crime "of maintaining a common nuisance," but which in stating the facts upon which the accusation is based merely charges that the defendant, on a specified date, in the county, at a certain building or house, "did then and there wilfully and unlawfully possess and keep on the premises aforesaid certain intoxicating liquor for beverage purposes and not for sacramental or medicinal purposes," etc., simply charges the defendant with the offense of unlawful possession of intoxicating liquor, an offense not within the jurisdiction of the superior court.

[2] ID.—POSSESSION WITHIN BUILDING—NUISANCE NOT ESTABLISHED. The offense of unlawful possession and the offense of maintaining a nuisance are different, and while unlawful possession would necessarily be shown in proving the maintenance of a nuisance, to wit, a place for the sale, barter and distribution of intoxicating liquors for commercial purposes, the latter offense is not established by simply showing possession within a building.

[3] ID.—POSSESSION FOR PERSONAL USE—EVIDENCE.—In a prosecution under an information which, in name, charges the defendant with the crime of maintaining a common nuisance, but which in fact merely charges the offense of unlawful possession of intoxicating liquor, the defendant is entitled to show that the possession of

---

1.  See 20 Cal. Jur. 336.

the liquor was for his own use, that is, for the use of himself and his family, and it is error for the trial court to sustain the prosecution's objection to a question asked of defendant while on the stand for the purpose of showing such fact.

(1) 33 C. J., p. 734, n. 26.   (2) 33 C. J., p. 588, n. 43.   (3) 33 C. J., p. 749, n. 90.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Reversed.

The facts are stated in the opinion of the court.

George E. Foote for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of the offense of maintaining a nuisance upon an information in the following words and figures, to wit: "Salvatore Buonocore is accused by the district attorney of said county of Sacramento, by this information of the crime of maintaining a common nuisance, committed as follows:

"The said Salvatore Buonocore, on the —— day of November, A. D. 1924, in the said County of Sacramento, in the said State of California, and before the filing of this information, did then and there wilfully and unlawfully maintain a common nuisance at a certain building or house situate at 412 R Street, in the City of Sacramento, County of Sacramento, State of California, in that the said defendant did then and there wilfully and unlawfully possess and keep on the premises aforesaid certain intoxicating liquor for beverage purposes and not for sacramental or medicinal purposes, the said intoxicating liquor then and there containing more than one half of one per cent of alcohol by volume, contrary to the form, force and effect of the Statute in such case made and provided, and against the peace and dignity of the people of the State of California."

The defendant's motion for a new trial being denied, the cause has been appealed to this court. Upon being arraigned on the information referred to, the defendant filed a demurrer stating six grounds of objection, only two of

73 Cal. App.—14

which we need to consider, to wit, the second, which reads as follows: "That said information does not comply with Section 952 of the Penal Code of the State of California in this: That it cannot be ascertained therefrom the offense charged or the particular circumstances of the offense charged which are necessary to constitute a complete offense" and the fourth assignment, to wit: "That said information is defective in this: That it charges two of the same offenses in the same paragraph and said defendant cannot understand whether or not he is charged with the unlawful possession of intoxicating liquor or is charged with maintaining a common nuisance."

[1] It is evident from a reading of the information that the intent of the pleader was to charge the defendant with maintaining a common nuisance. It is also evident from a reading of the information that the pleader did not have in mind the acts necessary to constitute the offense of maintaining a nuisance. The pleader did not set forth in the information, as required by the third subdivision of section 952, *supra,* acts to constitute the offense with which the pleader was seeking to charge the defendant. By name the pleader charges the defendant with maintaining a common nuisance, but when it comes to stating the acts upon which the accusation was based, there is stated nothing further than the acts constituting unlawful possession. The mere statement that the intoxicating liquors are possessed for beverage purposes does not change the offense charged from that of unlawful possession to that of maintaining a common nuisance. The word "beverage" when used in statutes relating to intoxicating liquors, simply means liquor that is capable of being drunk. (33 C. J. 493; 7 C. J. 1148, and vol. 1, Words and Phrases.) Nor does the fact that the liquors are alleged to have been possessed at a certain house, numbered 412 R Street, in the city of Sacramento, add anything to the designation of the crime. As we have heretofore shown in the opinion filed in the case of *People* v. *Mehra, ante,* p. 162 [238 Pac. 802], unlawful possession in a house is no different from unlawful possession upon the person. Unlawful possession is simply unlawful possession. The crime of maintaining a nuisance, as clearly shown in the opinion to which we have referred, consists in keeping liquor for

sale, barter or commercial purposes and not simply in the mere unlawful possession of liquor. The offense as set forth in the information in this case is simply that of unlawful possession at a certain building or house, and does not constitute an offense within the jurisdicton of the superior court. . The demurrer does not raise directly the question of jurisdiction, but as the demurrer must be sustained for the reasons before given, we make this statement in order that expense to the county may be saved in framing informations charging the maintenance of nuisances in liquor cases. We may also add that in the case of *People* v. *Mehra, ante,* p. 162 [238 Pac. 802], and also in the case of *People* v. *Fuller, ante,* p. 183 [238 Pac. 809], the sufficiency of the information to charge an offense other than simply the offense of unlawful possession was not considered, because counsel did not tender that question to the court for decision. The demurrer to the information herein should have been sustained. This case also presents the same questions relative to the instructions given by the court as presented in the case of *People* v. *Mehra* and *People* v. *Fuller, supra,* and for the reasons therein stated it must be held that the instructions given by the court to the jury were prejudicially erroneous. What we have also said in the two cases referred to relative to the plea of former jeopardy is applicable here. [2] The offense of unlawful possession and the offense of maintaining a nuisance are different, and while unlawful possession would necessarily be shown in proving the maintenance of a nuisance, to-wit, a place for the sale, barter and distribution of intoxicating liquors for commercial purposes, the latter offense is not established by simply showing possession within a building. The demurrer in this case shows that the defendant was in possession of a considerable quantity of wine, that the defendant had purchaed a ton of grapes, had crushed the same, and had possession of the wine derived from the crushing of said grapes in a cellar of the dwelling-house occupied by him. [3] The defendant sought to show that this possession was for his own use, that is, for the use of himself and family. The transcript shows that the defendant while upon the stand was asked the following question: "What did you have that wine for?" Following this question, a consider-

able colloquy ensued which we need not here set forth further than to state that the court sustained the objection of the prosecution thereto, and, in so doing, stated its views as follows: "The objection will be sustained. The Constitution, or the Volstead Act, or the Wright Act, which provides that a person can use it for his own use, doesn't relieve him from the penalty provided by law for having this in his possession or maintaining a nuisance." Just previous to this ruling the court stated that it was immaterial that the defendant had the wine for his own use. This ruling on the part of the court was clearly erroneous. A person may be unlawfully in possession of intoxicating liquor, but if his possession is for his own use, such possession does not constitute the crime of maintaining a nuisance. The offense is still unlawful possession and while the prosecution had not proven anything more than unlawful possession, the defendant was being prosecuted for the offense of maintaining a nuisance, even though he was charged with such an offense, and he had a right to show the purposes for which he had possession. While not necessary to a decision herein, we have expressed our views upon this question in order that the distinction between the offense of unlawful possession and the offense of maintaining a nuisance may be, if possible, more clearly set forth, and also the testimony that may be properly presented to the jury in the different cases. For the reasons herein stated and in the opinions in the cases to which we have referred, the judgment and order of the trial court are reversed and the cause remanded, with directions to the trial court to sustain the defendant's demurrer to the information herein.

Thompson, J., *pro tem.*, and Finch, P. J., concurred.