[Crim. No. 857.   Third Appellate District.—June 12, 1925.]

THE PEOPLE, Respondent, v. MANUEL RICO, Appellant.

[1] CRIMINAL LAW—CONVICTION OF OFFENSE NOT CHARGED—ERRONE-
OUS RULINGS—PREJUDICIAL ERRORS—CONSTITUTIONAL LAW.—Where
a defendant is convicted of an offense with which he is not
charged, no erroneous rulings can be held as cured, or non-
prejudicial, under the provisions of section 4½ of article VI of
the state constitution.

[2] ID.—MAINTENANCE OF NUISANCE—PLEADINGS—INSTRUCTIONS—POS-
SESSION OF INTOXICATING LIQUOR.—Judgment of conviction of
maintaining a nuisance reversed upon the authority of *People* v.
*Buonocore, ante,* p. 208, *People* v. *Mehra, ante,* p. 162, and *People*
v. *Fuller, ante,* p. 183.

(1) 17 C. J., p. 369, n. 6.   (2) 33. C. J., p. 588, n. 43.

APPEAL from a judgment of the Superior Court of
Sacramento County.  Charles O. Busick, Judge.  Reversed.

The questions presented on this appeal are identical with
those presented in *People* v. *Buonocore, ante,* p. 208, *People*
v. *Mehra, ante,* p. 162, and *People* v. *Fuller, ante,* p. 183.

George E. Foote for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of main-
taining a nuisance and from the judgment following con-
viction appeals to this court.  The information upon which
the defendant was tried is identical in form and substance
with the information in the case of *People* v. *Salvatore
Buonocore, ante,* p. 208 [238 Pac. 812], save and except the
location of the building or house in which the intoxicating
liquors were found.  To this information the defendant
filed a demurrer in form and substance the same as that
considered in the case just referred to, and for the reasons
therein stated we hold that the demurrer should have been
sustained.  The instructions given in this case are identical

1. See 8 Cal. Jur. 402; 14 R. C. L. 211.

with the instructions considered and held erroneous in the case of *People* v. *Mehra, ante,* p. 162 [238 Pac. 802], and *People* v. *Fuller, ante,* p. 183 [238 Pac. 809], and for the same reasons it must be held that the instructions were erroneous. This action was also prosecuted upon the fact that the defendant was found in possession of a small flask of intoxicating liquor, and for the reasons stated in the opinion filed in the case of *People* v. *Mehra, supra,* it must be held that such fact does not constitute the offense of maintaining a nuisance. **[1]** Where a defendant is convicted of an offense with which he is not charged, no erroneous rulings can be held as cured, or nonprejudicial, under the provisions of section 4½ of article VI of the state constitution.

**[2]** Upon the authority of the cases just referred to in the opinions, deciding the cases to which we have referred, it is ordered that the judgment of the trial court be, and the same is hereby reversed, and the cause remanded, with directions to the trial court to sustain the defendant's demurrer to the information filed in this case.

Thompson, J., *pro tem.,* and Finch, P. J., concurred.