[Crim. No. 863.  Third Appellate District.—June 12, 1925.]

THE PEOPLE, Respondent, v. E. P. HOGEL, Appellant.

[1] CRIMINAL LAW—MAINTENANCE OF NUISANCE—INTOXICATING LI-
QUORS—EVIDENCE—INSTRUCTIONS—ONCE IN JEOPARDY.—Judgment
of conviction of maintaining a nuisance reversed upon authority
of *People* v. *Mehra, ante,* p. 162, and *People .v. Fuller, ante,*
p. 183.

[2] ID.—EVIDENCE—ARGUMENT OF COUNSEL UPON PRELIMINARY EXAMI-
NATION.—In the trial of an action in which the defendant is
charged with maintaining a nuisance by having in his possession
a jug containing intoxicating liquor at a certain building occupied
by him, the prosecution, over the objection of defendant's coun-
sel, is not entitled to the admission in evidence of the argument
made by counsel for defendant upon the preliminary examination
of defendant and another, as such argument does not come
within the principle applicable to admission formally made and
entered in the course of a trial.

(1) 33 C. J., p. 588, n. 43.   (2) 16 C. J., p. 639, n. 95.

APPEAL from a judgment of the Superior Court of
Sacramento County.  Charles O. Busick, Judge.  Reversed.

The facts are stated in the opinion of the court.

George E. Foote for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of the
offense of maintaining a nuisance by having in his pos-
session a jug containing about a gallon of intoxicating
liquor at a certain building or house occupied by him at
No. 714 in the alley between M and N Streets, in the city of
Sacramento, and appeals from the judgment of convic-
tion. [1] The evidence in this case shows nothing fur-
ther than the mere possession of the liquor referred to,
and upon the authority of the case of *People* v. *Mehra,
ante,* p. 162 [238 Pac. 802], and *People* v. *Fuller, ante,*
p. 183 [238 Pac. 809], it must be held that the evidence
is insufficient to sustain a prosecution for the alleged

offense of maintaining a nuisance. The instructions in this case are identical with the instructions held erroneous in the cases to which we have referred and the same ruling must be had here. The plea of once in jeopardy was also interposed, upon which appeal the same ruling must be had as in the cases to which we have referred. In this case no demurrer was interposed to the sufficiency of the information to charge the offense of maintaining a nuisance, and while it is apparent that the crime of maintaining a nuisance is not charged in the information, in the absence of any objection urged by counsel for the defendant, we refrain from making any ruling thereon.

[2] The transcript shows that in the trial of this case the prosecution, over the objection of the defendant, read to the jury a portion of the argument made by counsel for the defendant upon the preliminary examination of the defendant and one Roberts. The argument to which we refer is as follows:

"Mr. Foote: No defense. I think, Your Honor, there may be some question here as to the ownership of the liquor, but it would seem that, as to the defendant Roberts, it is the police officers' testimony that Hogle was the owner of the place. Now, I don't think that the testimony could or would warrant the court in holding the defendant Roberts to answer in the Superior Court on the charge of maintaining a nuisance, because it wouldn't matter whether it was his liquor or Hogle's liquor or anybody else's. He just happened to be there, and I think the Court, in justice to Roberts, should dismiss the charge against him, and then, if Mr. Hogle has any defense in the Superior Court why, of course, he could make that in the event Your Honor holds him to answer." . . .

"Of course, we feel that the evidence against him is insufficient, but we are willing to submit the matter to the Court, but, in justice to Mr. Roberts, why, I don't think the District Attorney here even states the mere presence— I might go to a place where there was some intoxicating liquor there and the police might arrest me. I don't see where if I was a visitor there, I could be held for maintaining a nuisance. The law is that he must be in possession of the premises, and there is no testimony here that Roberts was in possession of the premises.

Roberts was fined two hundred dollars or ninety days, and he is doing the ninety days, and I think it would be unjust to inflict any more punishment upon him.''

The defendant being on the witness-stand in this trial was asked if he did not hear his counsel make these statements at the preliminary examination. We do not think it necessary to cite any authorities to show that the mere argument of counsel in addressing either the court or jury is not admissible in any subsequent trial. They do not come within the principle applicable to admissions formally made and entered in the course of a trial.

The judgment of the trial court is hereby reversed.

Thompson, J., *pro tem.*, and Finch, P. J., concurred.